PLANNED PARENTHOOD FEDERA-
TION OF AMERICA, INC., et
al., Plaintiffs,

v.

Margaret HECKLER, Defendant.

NATIONAL FAMILY PLANNING AND
REPRODUCTIVE HEALTH ASSOCI-
ATION, INC., et al., Plaintiffs,

v.

Margaret HECKLER, Defendant.

Civ. A. Nos. 83–0037, 83–0180.

United States District Court,
District of Columbia.

March 26, 1984.

Nancy L. Buc, Weil, Gotshal & Manges, Washington, D.C., for plaintiffs Planned Parenthood Federation of America, Inc., et al.; Helene D. Jaffe, New York City, of counsel.

John W. Nields, Jr., Deborah V. Swirling, Jay A. Stephens, Howrey & Simon, Washington, D.C., for plaintiff Nat. Family Planning and Reproductive Health Ass'n, Inc.

Lewis K. Wise, Theodore C. Hirt, Robert S. Lavet, U.S. Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM OPINION

JEAN F. DWYER, Magistrate.

Defendants move this Court for a protective order denying certain discovery requests of plaintiffs. Plaintiffs are private parties who have prevailed in litigation against the United States. A final judgment was entered in their favor awarding

them permanent injunctive relief (Order of March 2, 1983). 559 F.Supp. 658. The United States Department of Health and Human Services was enjoined from implementing regulations that would require certain family planning organizations to notify parents of minors that certain drugs or devices had been dispensed to the minors. The court's decision was subsequently affirmed by the Court of Appeals on July 8, 1983. 712 F.2d 650 (D.C.Cir.1983). Pending the outcome of the appeal, the court stayed any proceedings on motions filed by plaintiffs for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The statute provides for an award of fees to prevailing parties unless "the position of the United States was substantially justified."

With the appeal resolved in their favor, plaintiffs have renewed their efforts to gain an award of attorneys' fees. In this regard plaintiffs served joint sets of interrogatories and requests for production of documents on defendants. In their motion defendants complain that the information plaintiffs seek is primarily intra-agency communications, the identity of persons who were engaged in drafting or reviewing the challenged regulations and the identity of all persons involved in developing defendants' litigation strategy. They also contend that plaintiffs seek all communications concerning arguments to be advanced in defendants' briefs and oral arguments. Plaintiffs' request for production of documents essentially mirrors the subject matter they seek to discover through interrogatories. Defendants maintain that none of this information is properly discoverable. Their position is grounded in two separate arguments. Initially, defendants maintain that plaintiffs' discovery is irrelevant as a matter of law. They contend that plaintiffs' inquiry into "the position of the United States" is limited to the position of the government in litigation and arguments advanced therein. Secondly, they argue that nearly all the information plaintiffs seek is

privileged and therefore exempt from discovery.[1] Plaintiffs vigorously dispute both grounds of defendants' argument. They contend that defendants' position that the discovery sought is irrelevant as a matter of law is a departure from fundamental principles of civil discovery. Plaintiffs posit that "it is defendants' position that ... discovery is permitted only to the party which has the burden of proof on the issue; and ... discovery should be limited to obtaining only information, if any, which fits the defendants' narrow theory of whether the government's 'position' was 'substantially justified', and how that justification is to be proven." Plaintiffs' Opposition to Defendants' Motion for a Protective Order (January 6, 1984). We believe that plaintiffs seriously misstate defendants' position on the relevancy of the information sought. Accordingly, we find their well reasoned arguments (aimed at a straw man of plaintiffs' own design) unpersuasive.

■ The broad scope of civil discovery is well settled. However, it is limited by the relevance of the request to the subject matter of the litigation. As the Supreme Court observed, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). However, the court also recognized that "discovery, like all matters of procedure has ultimate and necessary boundaries." *Id.* In the instant case, we believe that plaintiffs' requests extend beyond these "boundaries"; and are not relevant to the subject matter of the pending action.

We find that the scope of discovery in this EAJA case is limited by this Circuit's ruling in *Spencer v. NLRB*, 712 F.2d 539 (D.C.Cir.1983). For their part, plaintiffs contend that since *Spencer* did not consider discovery issues, it cannot be read to limit

---

1. Defendants rely on the deliberative process privilege and/or the attorney work product privilege.

discovery or preclude certain forms of discovery under the EAJA. We are unwilling to accept plaintiffs' treatment of what is obviously an exhaustive exposition of the EAJA by our Court of Appeals. The court went to great lengths to assign meaning to the phrases "position of the United States" and "substantially justified".[2] In so doing, we believe that the court in *Spencer* delineated the proper scope of discovery in an action for fees under the EAJA.

### Scope of Discovery in Light of Spencer v. NLRB

■ We start with the observation that in order for information to be relevant to the subject matter of the pending action it must either bear on or reasonably lead to other information which could bear on any issue that is or may be in the case. *Oppenheimer Fund, supra,* 437 U.S. at 351, 98 S.Ct. at 2389. This broad test is self-limiting. The information sought must at a minimum, lead to other matter which could be properly in the case. Conversely, if an issue is not properly part of the case, as a matter of law, then discovery in that vein is inappropriate.

■ In *New York State Energy Research & Dev. Authority v. Nuclear Fuel Services, Inc.,* 97 F.R.D. 709 (W.D.N.Y. 1983), Judge Elfvin suggests that it is helpful to apply the test of relevance stated in Fed.R.Evidence Rule 401 to this type of discovery problem. We agree and find that it does serve to focus defendants' objection to the discovery sought in this case. Rule 401 states that "[r]elevant evidence means evidence having a tendency to make *the existence of any fact that is of consequence to the determination of the action* more probable or less probable than it

would be without the evidence." If information that plaintiffs seek is of no consequence to the determination of whether "the position of the government was substantially justified" then it is not relevant and not properly discoverable.

■ In *Spencer v. NLRB,* the court spoke in no uncertain terms about the meaning of the phrases "the position of the United States" and "substantially justified". As to the position of the government, the court acknowledged that it was susceptible of two different meanings. "[T]he term could refer to the governmental action that precipitated the lawsuit. [Alternatively], it could refer to the posture assumed by the government in litigation." *Spencer, supra,* 712 F.2d at 546. However, after a thorough review of the case law and legislative history the court found that "it seems more sensible and consistent with the purposes of the EAJA to interpret the phrase as the stance taken by the United States in litigation than to interpret it as the governmental behavior that precipitated the suit." *Id.* at 556. Accordingly, the court held that " 'the position of the United States', for the purposes of the Act, means the arguments relied upon by the government in litigation." *Id.* at 557. We find that *Spencer* by its terms forecloses inquiry into areas other than the arguments made by the government in litigation. Since *Spencer* defines the government's position as *the arguments relied upon in litigation,* evidence of how the government came to make the argument or how the challenged regulations were prepared would not be evidence of facts of consequence to the determination of the action. Accordingly, such evidence is not relevant.[3]

---

**2.** The court indicated the broad effect of its decision when it stated these terms "loom large in the case before us. [W]e must bring those phrases into sharper focus. And of course, we must strive to lend them shapes that will make them meaningful vehicles, not only for disposing of the case at hand, but for resolving other controversies that come within the broad coverage of the provision." *Spencer v. NLRB,* 712 F.2d 539, 546 (D.C.Cir.1983).

**3.** Other courts have taken a similarly restrictive approach to EAJA litigation. *See, e.g., Dougherty v. Lehman,* 711 F.2d 555, 562 (3d Cir.1983), where the court held that where proof that the government's position was substantially justified could be "demonstrated by no more than the underlying record on the merits; careful review of that record is all that is required ...." *See also Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983), "In determining an application for attorney's fees under the Act, the inquiry is

Moreover, we find that the Court of Appeals was aware that by limiting inquiry to the arguments advanced in litigation, extensive fee litigation would be avoided. The court observed that "[i]t seems unlikely that Congress intended (or would have wanted) the Act to spawn otherwise unnecessary proceedings of this kind." *Id.* at 556 n. 60.

We are persuaded that the far ranging discovery sought by plaintiffs is inconsistent with the holding and the spirit of *Spencer v. NLRB.* Because we find that plaintiffs' discovery requests are irrelevant as a matter of law, we do not consider defendants' claim that the material is privileged.

directed to the justification for the government's    litigating position before the court ...."